UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT BRAGGS,                    :    Case No. 1:15-cv-505
                                  :
        Plaintiff,                :    Judge Timothy S. Black
                                  :    Magistrate Judge Stephanie K. Bowman
    vs.                           :
                                  :
BRUCE A. FAVRET, *et al.*,        :
                                  :
        Defendants.               :


**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
(DOC. 4); (2) DISMISSING PLAINTIFF'S COMPLAINT (DOC. 3); AND (3)
TERMINATING THIS CASE FROM THE DOCKET**


This case is before the Court pursuant to the Order of General Reference in the

United States District Court for the Southern District of Ohio Western Division to United

States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the

Magistrate Judge reviewed the pleadings filed with this Court and, on August 28, 2015,

submitted a Report and Recommendation (Doc. 4), to which Plaintiff timely objected

(Doc. 5).[1]

---

[1] Plaintiff's Complaint names his court-appointed trial and appellate counsel as Defendants, claiming
they violated his Sixth Amendment right to effective assistance. In recommending dismissal for failure to
state a claim for relief, the Magistrate Judge noted that, "[a]s lawyers representing a client, [D]efendants
were not state actors within the meaning of § 1983[,]" citing *Polk County v. Dodson*, 454 U.S. 312
(1981). Plaintiff argues that *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592 (6th Cir.
2007), nonetheless allows him to proceed. Not so. The plaintiff in *Powers* alleged that the public
defender's office engaged in "an across-the-board policy or custom of doing nothing to protect its
indigent clients' rights not to be jailed as a result of their inability to pay court-ordered fines." *Id.* at 612.
Recovery on the basis of "individual failures" of counsel was not sought. *Id.* Here, however, that is
*precisely* what underpins Plaintiff's suit—namely, his trial counsel's failure to object to a sentence of 400
hours of community service when the statute only permitted 200, and appellate counsel's failure to raise

1

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby adopted in its entirety.

Accordingly:

1.  The Report and Recommendation (Doc. 4) is **ADOPTED**;

2.  Plaintiff's Complaint (Doc. 3) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

3.  The Court **CERTIFIES** that any appeal of this Decision and Entry would not be taken in good faith for the reasons stated in the Report and Recommendation.  Therefore, any application by Plaintiff to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915(a)(3) is **DENIED**.

4.  This case is **TERMINATED** on the docket of the Court.

**IT IS SO ORDERED**.

Date:  9/25/15

Timothy S. Black
United States District Judge

---

the issue on direct appeal. "Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's *traditional functions* as counsel to the accused in a criminal proceeding." *Floyd v. County of Kent*, 454 Fed. App'x 493, 497 (6th Cir. 2012) (citing *Polk County*) (emphasis added). These oversights are clearly specific to Plaintiff, and, as a consequence, lack the requisite "administrative" overlay present in *Powers*.

2